IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-797-WJM

JOHN RINEHART,

    Plaintiff,
v.

NATHAN SCHNEIDER, individually and in his capacity as a member of ColoradoSolidarity Fund LLC,
COLORADO SOLIDARITY FUND LLC, a Colorado limited liability company, and
JOHN DOE, whose true name is unknown,

    Defendants.

---

**DEFENDANT COLORADO SOLIDARITY FUND'S MOTION TO DISMISS THE CLAIMS AGAINST IT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

---

Defendant Colorado Solidarity Fund, LLC, ("CSF") by and through its undersigned counsel, Steven D. Zansberg, of the Law Office of Steven D. Zansberg, LLC, and Marc Litt of Wachtel Missry LLP, respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss all claims pleaded against CSF in the Complaint (Doc. No. 1), for failure to state a claim upon which relief can be granted.   As grounds therefor, the Movant states:

**CERTIFICATION OF CONFERRAL
PURSUANT TO WJM REVISED PRACTICE STANDARD III.D.1.**

Prior to filing this motion, undersigned counsel have repeatedly conferred, by phone and through email over the course of more than six months, regarding the Plaintiff's failure to have averred any facts that would, under existing law, permit liability be imposed against Colorado Solidarity Fund (CSF), as well as CSF's contention that there are no such facts that could be alleged. The operative complaint is the third such nearly identical complaint filed by Plaintiff, at least with respect to CSF – two in the Southern District of New York, and one in

1

this District. Plaintiff's counsel filed this third complaint fully aware of CSF's position, which had even been set forth in a pre-motion letter to the District Judge in the SDNY, regarding the deficiencies in the pleading. Thus, Plaintiff had ample opportunity to attempt to ameliorate those deficiencies and yet failed to do so. To further emphasize our position, undersigned counsel has also advised Plaintiff's counsel that they intend to serve a motion seeking sanctions pursuant to Fed. R. Civ. P. 11, which motion is expected to be served on Plaintiff and his counsel this same day.

## **INTRODUCTION**

Plaintiff's Complaint asserts four claims against CSF, all of which are premised on the allegedly tortious behavior of Defendant Nathan Schneider. Mr. Schneider has previously filed his own motion to dismiss the claims against him. *See* Doc. No. 20. CSF adopts and incorporates, by reference, all of co-defendant Schneider's arguments. Of course, if Mr. Schneider's motion is granted, the Court must necessarily also dismiss all claims against CSF that are premised on Mr. Schneider's actions, since any liability of CSF is necessarily derivative of individual liability.

But even if the Court were to deny Mr. Schneider's motion, whether in whole or in part, the claims against CSF must nevertheless be dismissed for failure to state a plausible claim. CSF, a duly constituted Limited Liability Company organized under Colorado law, is not legally responsible for the actions by Mr. Schneider that Plaintiff alleges were tortious and caused him injury. Mr. Schneider is merely one of 59 members of the LLC; he is not an officer or director. The Complaint does not aver that Schneider was authorized by CSF to engage in any communications with anyone (inside or outside of the LLC's membership) about Mr. Rinehart's past on CSF's behalf. Nor does the Complaint aver any facts that would

allow the Court to disregard CSF's corporate form altogether (e.g., by finding it acts merely as an "alter ego" of Mr. Schneider), which, under Colorado law, would be required to "reverse-pierce" the corporate veil to impute the allegedly tortious acts of an LLC's member to that LLC.

Accordingly, the Complaint fails to state any claim against CSF, as a matter of law.

## UNDISPUTED MATERIAL FACTS

The following factual averments in the Complaint are presumed to be true for purposes of this Motion (only):

1. In March 2020, Plaintiff co-founded Main Street Phoenix Worker Cooperative ("MSPWC"), along with non-party Jason Weiner ("Weiner"), a Colorado attorney. Compl. (Doc No. 1) ¶¶ 33 & 35.

2. CSF is a Limited Liability Company ("LLC"), organized under the laws of the state of Colorado, *id*. ¶ 6, which invests in various organizations, including worker cooperatives. *Id*. ¶ 39.

3. On MSPWC's behalf, Plaintiff made a "pitch" to Defendant CSF seeking investment funding for MSPWC. *Id.* ¶ 39.

4. Defendant Nathan Schneider ("Schneider") is a member of CSF. *Id*. ¶ 40.

5. On some unspecified date, Schneider received a letter from Defendant Doe that purportedly defamed Plaintiff ("the Letter"). *Id*. ¶ 27. Schneider told Weiner about the Letter and later provided a copy of it to him. *Id*. ¶¶ 44, 45. Schneider then "connected" Defendant Doe with Weiner. *Id.* ¶ 46.

6. Schneider also "released portions" of the Letter to "others in the co-op industry," *Id.* ¶¶ 48.

7.      As a result of Schneider's communications regarding the Letter, Plaintiff was terminated from his position at MSPWC, and has suffered unspecified reputational damages, damages in his profession and trade, as well as other monetary damages. *Id.* ¶¶ 56, 65, 77.

## ARGUMENT

### A. Legal Standard Governing This Motion

For the sake of brevity, CSF incorporates herein by reference the entirety of Defendant Schneider's Motion to Dismiss (Doc. No. 20), filed on April 27, 2021, including its statement of the applicable legal standards for the Court's resolving a motion under Fed. R. Civ. P. 12(b)(6).

### B. The Complaint Fails to Plead Any Plausible Claim Against Schneider

Again, for the sake of brevity, CSF incorporates herein by reference the entirety of Defendant Schneider's Motion to Dismiss (Doc. No. 20), filed on April 27, 2021. None of the four claims Plaintiff has pleaded against Schneider state a plausible claim upon which relief can be granted. The Complaint contains not a single averment that CSF, performed any act *as an LLC*, in accordance with its Operating Agreement, that caused Plaintiff's purported injuries, other than the bald allegation that it "conspired" (through unspecified means and for unspecified reasons) to commit tortious acts against him through the conduct of its alleged co-conspirators, co-defendants Schneider and Doe. Thus, if Schneider's Motion to Dismiss is granted, then *ipso facto* all of Plaintiff's claims against CSF must be dismissed too. *See, e.g., Gallegos v. City of Monte Vista*, 976 P.2d 299, 301 (Colo. App. 1998) ("a finding that an employee is not negligent requires a finding that the employer is not legally responsible"); Colo. Civ. J. Instr. - Civ. 8:18 (2020) (for a principal to be held liable for the acts of an agent,

the plaintiff must prove, *inter alia*, his claim against the agent); *see also Double Oak Const., L.L.C. v. Cornerstone Dev. Int'l, L.L.C.*, 97 P.3d 140, 146 (Colo. App. 2003) (civil conspiracy is not an inchoate tort; if the tortious object of the conspiracy was not committed, there is no tort liability to impute to alleged co-conspirators).

### C. The Complaint Does Not Aver Any Facts That Make It Plausible to Hold CSF Liable for Schneider's Allegedly Tortious Acts

Even if the Court were to deny Schneider's pending motion to dismiss in whole or in part, CSF is nevertheless entitled to have Plaintiff's claims against it dismissed as a matter of law. As set forth above, the Complaint alleges only that Schneider (and defendant Doe) injured the Plaintiff by circulating allegedly false and defamatory statements about him that caused Plaintiff to lose his position of employment and suffer other financial and reputational injuries. There is no allegation in the Complaint asserting that CSF's leadership undertook any act, let alone an official act on behalf of the organization; nor is there any allegation that a majority of CSF's members voted to authorize the LLC to perform any act, as its Operating Agreement requires. Instead, Plaintiff seeks to hold CSF, the LLC, liable for the allegedly tortious acts of Schneider, who, the Complaint avers, is nothing more than a *member* thereof. Compl. ¶ 40.

In Colorado, as elsewhere, corporations and LLCs are creatures and creations of state law. Furthermore, these artificial legal entities can only operate through their agents – either subsidiary corporate entities, employees, or other authorized agents. *See, e.g., In re Stat-Tech Securities Litigation*, 905 F. Supp. 1416, 1422 (D. Colo. 1995) ("a corporation can act only through its agents") (applying Colorado law). Thus, there are only two plausible ways that CSF could be held liable for any tortious acts that may have been committed by Schneider: (1) if, by law, he was acting as an authorized agent of CSF when he transmitted the Letter to

Schneider and to others, or (2) if CSF is not actually a separate legal entity, but serves merely as an "alter ego" of Schneider, so its corporate form can be disregarded or "reverse-pierced." As demonstrated above, the Complaint contains no factual averment to support either theory of CSF's vicarious liability for Schneider's acts.

**(i) The Complaint Does Not Allege That Schneider Was An Authorized Agent of CSF When He Communicated With Mr. Wiener or Others About Plaintiff**

Colorado's law declares that:

> If the articles of organization provide that management of the limited liability company is vested in the members,[1] each member is an agent of the limited liability company for the purposes of its business and *an act of a member*, including the execution of an instrument in the name of the limited liability company, *for apparently carrying on in the ordinary course the business of the limited liability company or business of the kind carried on by the limited liability company* binds the limited liability company, *unless the member had no authority to act for the limited liability company in the particular matter and the person with whom the member was dealing had notice that the member lacked authority.*

Colo. Rev. Stat. § 7-80-405(2) (2020) (emphases added). Here, the Complaint is devoid of any averment that would permit imputing Schneider's conduct – in sending the Letter to Weiner (Rinehart's business partner) – to CSF. There is no allegation (nor could there be one) that in transmitting the Letter Schneider was "carrying on in the ordinary course of [CSF's] business" or in "business of the kind carried on by" CSF. Furthermore, the Complaint does not aver, nor could it, *both* (a) that Schneider had actual authority to act for CSF in that particular matter, *and* (b) that Weiner and the unspecified "others" with whom Schneider communicated were not unaware that he lacked such authority.

---

[1] Though it is not averred in the Complaint, CSF's Amended Articles of Organization declare that its management is vested in the members, notwithstanding the fact that CSF has a set of executive officers (President, Vice-President and Treasurer). The LLC "acts" only through a majority vote of its entire membership or those present at a meeting of members attended by a quorum, and no single member is authorized to bind the LLC.

It is black-letter law that not everything a member of an LLC (or corporate shareholder) does is in his or her capacity as an "agent" of the LLC. For example, CSF would not be liable for damages sustained by a third party in a traffic accident with one of its members on his or her way to the grocery store to buy groceries – unless a majority of the members had voted to authorize that shopping excursion. Indeed, even the torts of a full-fledged *employee* of a corporation (which is *not* the status of an LLC's members) are not imputed to a corporate employer unless they were committed in the scope of employment, while (s)he was acting for the benefit of the employer. *See, e.g., Gibbons & Reed Co. v. Howard*, 129 Colo. 262, 269 P.2d 701 (1954) (employees not acting within scope of employment when borrowing company vehicle to move personal belongings); *Marron v. Helmecke*, 100 Colo. 364, 67 P.2d 1034 (1937) (employee not acting within scope of employment when conduct is not connected with and furthering the employer's business).

Here, the Complaint is devoid of any allegation that when Schneider sent the Letter to Weiner (Rinehart's business partner) he did so within the scope of his CSF membership and/or that his actions were in furtherance of CSF's corporate interests. Indeed, the Complaint contains no allegation – apart from Schneider's mere status as one of CSF's members – concerning his authority (actual, apparent, or otherwise) to act on CSF's behalf when he transmitted the Letter to Weiner.

Accordingly, as a matter of law, the Complaint fails to state a claim against CSF.

**(ii)     The Complaint Does Not Allege that CSF is Schneider's Alter Ego**

In Colorado, as elsewhere, certain extraordinary circumstances permit a corporate entity (including an LLC[2]) to be held liable for tortious or unlawful acts of one its

---

[2] While Colorado's law generally disfavors applying corporate common law to LLCs, Colo. Rev. Stat. § 7-80-109 (2020), it specifically provides that corporate veil piercing principles

shareholders or members, through what's referred to as "reverse piercing." "Reverse piercing occurs when a claimant seeks to hold a corporation liable for the obligations of an individual shareholder." *In re Phillips*, 139 P.3d 639, 646 (Colo. 2006). However, those circumstances are exceedingly rare, and require a very stringent showing that the corporate form is essentially a sham:

> A court may reverse pierce the corporate veil and obtain the assets of a corporation for the obligations of a controlling shareholder or other corporate insider *only* upon a *clear showing* that (1) the controlling insider and the corporation are alter egos of each other, . . . (2) justice requires recognizing the substance of the relationship over the form because the corporate fiction is utilized to perpetuate a fraud or defeat a rightful claim, . . ., and (3) an equitable result is achieved by piercing. . . .
>
> *Only* when a claimant makes *a clear showing of each factor* may the corporate form be disregarded.

*Id.* at 646 (emphases added); *id*. at 647 (because "piercing the corporate veil is an extraordinary remedy . . . a court should avoid outside reverse piercing when alternative, adequate remedies are available").

Here, the Complaint it utterly devoid of any factual averments that, if ultimately proven, let alone merely assumed to be true (as required at this stage of the litigation), would permit the Court to completely disregard CSF's corporate form, and "reverse-pierce" its corporate veil.

## **CONCLUSION**

For the reasons set forth above, CSF respectfully asks the Court to grant its motion and to enter an order dismissing with prejudice all of Plaintiff's claims against it.

---

shall be applied to LLCs.  *See* Colo. Rev. Stat. § 7-80-107(1) (2020).

| | |
|---|---|
| DATED:   June 7, 2021 |    */s/ Steven D. Zansberg* <br> Steven D. Zansberg <br> LAW OFFICE OF STEVEN D. ZANSBERG, L.L.C. <br> 100 Fillmore Street, Suite 500 <br> Denver, CO  80206 <br> (303) 835-8698 <br> steve@zansberglaw.com <br><br> Marc Litt (*application for admission pending*) <br> WACHTEL MISSRY LLP <br> 885 Second Avenue <br> New York, NY 10017 <br> (212) 909-9500 <br> mlitt@wmllp.com <br><br> Counsel for Colorado Solidarity Fund, L.L.C. |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of June, 2021, a true and correct copy of the above and foregoing was served upon the following via CM/ECF:

David D. Lin, Esq.
Michael D. Cilento, Esq.
LEWIS & LIN, LLC.
81 Prospect Street, Suite 8001
Brooklyn, NY 11201

Attorneys for the Plaintiff


Kevin G. Ripplinger, Esq.
Brian D. Kennedy, Esq.
PATTERSON RIPPLINGER, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, CO 80111

Attorneys for Defendant Nathan Schneider

   */s/ Steven D. Zansberg*