**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:21-cv-797-WJM-SKC

JOHN RINEHART,

    Plaintiff,

v.

NATHAN SCHNEIDER, individually and in his capacity as a member of Colorado Solidarity Fund LLC,
COLORADO SOLIDARITY FUND LLC, a Colorado limited liability company, and
JESSICA GORDAN NEMBHARD, an individual,

    Defendants.

---

**DEFENDANT COLORADO SOLIDARITY FUND'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED**

---

Defendant Colorado Solidarity Fund, LLC, by and through its undersigned counsel, Steven D. Zansberg, of the Law Office of Steven D. Zansberg, LLC, and Marc Litt of Wachtel Missry LLP, hereby submits this Reply in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss all claims pleaded against CSF[1] in the First Amended Complaint (Doc. No. 31) ("FAC"), for failure to state a claim upon which relief can be granted.

Plaintiff's two principal arguments in his Response to CSF's motion are meritless. First, without citing any authority, and contrary to the routine practice in this Court and courts throughout the United States, Plaintiff contends that it was "not procedurally proper" for CSF to have adopted and incorporated by reference the prior-filed Motion to Dismiss of its member

---

[1] Capitalized terms have the meanings ascribed to them in CSF's Motion.

1

and co-defendant, Nathan Schneider. Plaintiff provides no authority for this novel proposition; indeed, as shown below, there is ample authority for this routine and efficient practice, and accordingly, the Court should reject Plaintiff's argument.

Second, the Response ("Resp.") asserts that the FAC adequately avers facts to support imputing Defendant Schneider's actions to CSF under *respondeat superior* or agency law, but the allegations of the FAC neither support an inference that Weiner, or any of the other unidentified recipients of The Defamatory Letter, reasonably believed that Schneider had the apparent authority to act on behalf of CSF when he transmitted it, nor that any of Schneider's alleged actions were in the ordinary course of CSF's business. Accordingly, the FAC should be dismissed on that ground, as well as those set forth in the corrected Motion and forthcoming Reply of co-defendant Schneider, which CSF adopts and incorporates by reference herein.

## ARGUMENT

A.  **Incorporation by Reference is Both Permissible and Judicially Efficient**

Plaintiff raises a novel challenge to the procedural propriety of the commonly utilized and efficient practice of incorporating arguments made by other parties in the same matter. Plaintiff fails to cite any supporting authority for his objection, because there is none. In fact, this Court has routinely considered and credited such adopted arguments. *See Carrado v. Daimler AG*, No. 17-CV-3080-WJM-SKC, 2018 WL 4565562, at *3 (D. Colo. Sept. 24, 2018) (granting in part both defendants' motions to dismiss where one defendant "joined" the motion of the co-defendant, noting that even though the Federal Rules of Civil Procedure do not have a provision for joining the motion of a co-defendant, it is not uncommon for parties to refer to motions filed

by related entities and adopt the same arguments, and construing the defendant's motion as adopting its co-defendant's arguments as if set forth therein);[2] *Nat'l Famers Un. Prop. and Cas. Co. v. Willard, et al.*, No. 16-CV-3163-WJM-MJW, 2017 WL 3492987, at *1 (D. Colo. Aug. 15, 2017) (granting defendant Torres' motion to dismiss where she adopted "all arguments of law contained in [her co-defendants'] motion for lack of subject matter jurisdiction."). Plaintiff's frivolous attack on an efficient practice that reduces the burdens on both parties and courts should be rejected out of hand.

Plaintiff's attack on CSF's adoption of arguments made in a Motion that was stricken for procedural reasons should likewise be rejected. In its Motion, CSF incorporated co-defendant Schneider's motion to dismiss the FAC, which was originally filed as Docket No. 41. That brief was stricken by the Court without prejudice to refiling in compliance with the Court's rules. Subsequently, Schneider filed a brief in support of his motion to dismiss, the substance and arguments of which were identical to those in Docket No. 41. *See* Docket No. 47. The *only* difference between Docket Nos. 41 and 47 is the latter's inclusion of a Certification of Conferral in compliance with this Court's Civil Practice Standards. Thus, to the extent there is any confusion, CSF respectfully requests that this Court consider CSF's original incorporation of its co-defendant's arguments in Docket No. 41 to constitute its incorporation of those exact same

---

[2] Although, as this Court has noted in *Carrado*, the practice of adopting other party's arguments is not expressly contemplated in the Federal Rules of Civil Procedure, the practice is not altogether foreign to federal litigation practice; indeed, it *has* been formally established in Rule 28 of the Federal Rules of Appellate Procedure ("In a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief. Parties may also join in reply briefs.").

arguments made in Docket No. 47.

Finally, although it is inarguable that CSF is separate and distinct from its members, that doesn't mean that CSF is precluded from adopting and incorporating by reference its co-defendant member's arguments. Plaintiff chose to sue both CSF and Schneider and, to the extent that their interests, defenses, and arguments overlap, there is no bar to one cross-referencing the papers of the other. Here, Defendant Schneider's Motion to Dismiss set forth the legal and factual arguments as to why the FAC failed to state a claim under Fed. R. Civ. P. 12(b)(6). CSF concurred and adopted Schneider's arguments. Indeed, it would have imposed an unwarranted burden on limited judicial resources had CSF filed essentially identical papers for the Court's review.[3]

Plaintiff's reliance on *Gallegos v. City of Monte Vista*, 976 P.2d 299 (Colo. App. 1998) is misplaced. In *Gallegos*, the Colorado Court of Appeals, Div. I did nothing more than rehearse the law of *respondeat superior*, stating: "although a finding that an employee is not negligent requires a finding that the employer is not legally responsible, an action may proceed against an employer if the claim against the employee has been dismissed or barred, not on the merits of the claim, but on procedural grounds." (*Id.* at 301).[4] If anything, *Gallegos*, which CSF cited in its

---

[3] Of course, CSF has no objection to Plaintiff's adoption and incorporation of his opposition to Schneider's motion into his opposition to CSF's motion.

[4] Liability on the basis of *respondeat superior* is inapplicable in this circumstance because members are owners of an LLC, not employees. *See* Colo. Rev. Stat. Ann. § 7-80-102(9) defining member as a person with an ownership interest in the LLC. Nonetheless, as demonstrated *infra* any alleged unlawful acts by Schneider or other CSF members were not approved by CSF and not in the ordinary course of the business and thus there is no liability against CSF on the basis of *respondeat superior*.

Motion, *supports* CSF's contention that if the Court dismisses the FAC as to Schneider on the substantive grounds set forth in his motion, it must likewise dismiss the FAC as to CSF in light of Plaintiff's admission that CSF can only be found liable on a theory of agency or *respondeat superior*. (*See* Dkt. No. 49 at 3.)[5]

### B. The FAC Fails to Plead Sufficient Allegations to Make it Plausible That CSF is Liable for Actions Taken by Unnamed Members of CSF

"Naked assertions devoid of further factual enhancement" are insufficient to meet the plausibility standard necessary to withstand a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

Plaintiff asserts that Paragraphs 47, 51, and 52 of the FAC contain "more than enough allegations" to support his contention that members of CSF, including but not limited to Schneider, "were acting within the apparent scope of CSF's business with regard to the alleged unlawful conduct." Resp. at 5. Plaintiff asks the Court to draw a series of inferences from three unremarkable facts: (1) Plaintiff and MSWPC were engaged in pursuing CSF to invest in MSPWC, ( *Id.* at 5 citing FAC ¶ 47); (2) Schneider "and at least one other member of CSF" had meetings with Weiner to "discuss 'any potential partnership between Defendant CSF and

---

[5] Although Plaintiff is correct that he theoretically might be able to establish the liability of CSF based on actions of a member other than Schneider, for reasons discussed *infra* at pp. 5-6, the FAC fails to sufficiently allege any facts that would support such a claim.

MSPWC in light of the unfortunate situation.'" (*Id.* at 5 citing FAC ¶ 51); and (3) the subject line of an email string among members of CSF and Mr. Weiner read: "CSF <> Phoenix update" (*Id.* at 6 citing FAC ¶ 52). From these facts, Plaintiff spins a conspiratorial tale unhinged from any specific factual allegations in the FAC. (*See* Pl. Resp. to Schneider Mot. (Doc. No. 52) at 2, 9-10.)

In reality, there are no allegations in the FAC which are sufficient to support a finding of liability against CSF, or that even make such liability plausible. The FAC does not describe the nature of the meetings attended by CSF members; what was discussed at these alleged meetings, let alone who said what; nor does the FAC allege that other members of CSF (aside from Schneider) even had knowledge of, or participated, in the transmission of the Defamatory Letter. Furthermore (for good reason), the FAC does not allege that CSF's membership ratified Schneider's alleged actions, nor does it allege any facts to support a finding of any type of agreement between or among any of the members of CSF against Plaintiff.

Rather, with respect to CSF, the only pertinent allegations in the FAC are that the Defamatory Letter, which in 2015 had been "emailed around to various people and organizations in the co-op industry, eventually forcing Mr. Rinehart out of his then-current positions" (FAC ¶ 40), was re-published by Schneider. As demonstrated by Schneider's motion to dismiss, these allegations are insufficient to support a finding of liability against Schneider, and therefore there is no liability on Schneider that could be imputed to CSF.

Moreover, the FAC contains no allegations of specific actions by any other CSF members which support any type of liability against CSF. Mere attendance at a meeting, without more, is

not enough to impute such liability. As such, the FAC should be dismissed against CSF.

### C. The FAC is devoid of factual allegations that plausibly support a finding of liability against CSF for actions taken by Schneider

Plaintiff's Response argues that the allegations in the FAC are sufficient to impute Defendants Schneider's allegedly tortious conduct to CSF under Colorado Statute § 7-80-405(2), which states:

> If the articles of organization provide that management of the limited liability company is vested in the members, each member is an agent of the limited liability company for the purposes of its business and an act of a member, including the execution of an instrument in the name of the limited liability company, for *apparently carrying on in the ordinary course the business* of the limited liability company or business of the kind carried on by the limited liability company binds the limited liability company….

(emphasis added).

Ordinary course of business, as defined by Black's Law Dictionary, means "[t]he normal routine in managing a trade or business." Black's Law Dictionary (11th ed. 2019); *see also Smith v. Cent. Point Pawn, LLC*, 296 Or. App. 341, 346 (2019) (citing same).

At no point does the FAC aver any *facts* that would support a finding that Schneider was acting in his capacity as a member of CSF when he allegedly transmitted the allegedly defamatory letter, nor that this act would be in "the normal routine in managing a trade or business."[6] Rather, the FAC spins a wild tale asserting that Dr. Nembhard orchestrated Plaintiff's most recent professional demise by manipulating various third parties to achieve her bidding. Specifically, Plaintiff alleges that Schneider (who happened to be a member of CSF),

---

[6] There are also no allegations of any unlawful conduct occurring during the alleged meetings and as such, there is no unlawful conduct which can be imputed to CSF.

was persuaded by Dr. Nembhard that it would be in her and his interest if he were to send Weiner the allegedly defamatory letter. *See* FAC ¶ 50. Notably, the FAC does *not* allege that doing so would be in the interest of CSF were Schneider to do so. The FAC further alleges that Schneider arranged a meeting between the "very busy" Nembhard and Weiner at which Nembhard "further defamed" Plaintiff and threatened to go "public" with the letter if Rinehart wasn't removed from MSPWC. (*Id.* ¶¶ 54, 83). The FAC fails to allege that Schneider attended that meeting, knew what Nembhard intended to say at the meeting, or endorsed her alleged statements at any time.

At no point does the FAC allege that Schneider's allegedly unlawful actions were motivated by an intent to serve or benefit CSF or done in furtherance, or as part of the normal management, of the LLC. Instead, the reasonable inference from the FAC's allegations is that Schneider's motivation was either to benefit Weiner, self-serving, or in service of Nembhard's alleged goals. CSF is "an investment fund focused on social enterprises", (*id.* ¶ 47), and MSWPC was precisely the kind of social enterprise in which CSF sought to invest. (*Id.* ¶ 42). Given the success that MSPWC allegedly was having as a result of Plaintiff's involvement, (*id.* at ¶ 45), it is both illogical and unreasonable to infer that any of Schneider's alleged actions to harm Plaintiff (and, by extension, to harm MSPWC), was motivated by his desire to benefit CSF.

Because the FAC is devoid of any factual averments that would make it even plausible that Schneider's allegedly unlawful conduct occurred while he was "*carrying on in the ordinary course of* [CSF's] *business*", his acts cannot be imputed to CSF and CSF's motion should be granted.

## **CONCLUSION**

For the reasons set forth above, and in the Motion, CSF respectfully asks the Court to grant its motion and to enter an order dismissing with prejudice all of Plaintiff's claims against it.

DATED: July 27, 2021                               */s Steven D. Zansberg*
                                                               Steven D. Zansberg
                                                               LAW OFFICE OF
                                                               STEVEN D. ZANSBERG, L.L.C.
                                                               100 Fillmore Street, Suite 500
                                                               Denver, CO 80206
                                                               (303) 835-8698
                                                               steve@zansberglaw.com

                                                               Marc Litt
                                                               WACHTEL MISSRY LLP
                                                               885 Second Avenue
                                                               New York, NY 10017
                                                               (212) 909-9500
                                                               mlitt@wmllp.com

                                                               Counsel for Colorado Solidarity Fund, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2021, a true and correct copy of the above and foregoing was served upon the following via CM/ECF:

David D. Lin, Esq.
Michael D. Cilento, Esq.
LEWIS & LIN, LLC.
81 Prospect Street, Suite 8001
Brooklyn, NY 11201

*Attorneys for the Plaintiff*

Kevin G. Ripplinger, Esq.
Brian D. Kennedy, Esq.
PATTERSON RIPPLINGER, P.C.
5613 DTC Parkway, Suite 400
Greenwood Village, CO 80111

*Attorneys for Defendant Nathan Schneider*

Jonathan Bernstein, Esq.
ISAACS BERNSTEIN, P.C.
2108 Yardley Road
Yardley, PA 19067
jb@lijblaw.com

*Attorneys for Defendant Jessica Gordan Nembhard*

　　　　　　　　　　　　　　　　　　　　　　　　/s Steven D. Zansberg
　　　　　　　　　　　　　　　　　　　　　　　　Steven D. Zansberg